UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-1762 CAS (MANx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | ELIZABETH ROWEN v. BANK OF AMERICA, N.A.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| David Lake | Patricia Victory | |

**Proceedings:** **DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** (filed 4/16/2012)

## I.   INTRODUCTION

On January 19, 2012, plaintiff Elizabeth Rowen filed the instant action in the Los Angeles County Superior Court against Bank of America, N.A. ("BANA"); Recontrust Company, N.A. ("Recon")[1]; and Does 1–25.  On March 1, 2012, BANA and Recon removed the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiff voluntarily filed a first amended complaint ("FAC") on March 28, 2012, against the above named parties.  Dkt. No. 7.  The FAC alleges: (1) fraud, (2) negligent misrepresentation, (3) unfair business practices pursuant to California Business and Professions Code §§ 17200 et seq. ("UCL"), (4) injunctive relief, (5) declaratory relief, (6) to set aside the notice of default and the notice of trustee's sale, and (7) quiet title.  FAC at 1.

On April 16, 2012, BANA filed the instant motion to dismiss.  Dkt. No. 8.  On May 21, 2012, plaintiff filed her opposition.  Dkt. No. 10.  On May 25, 2012, BANA filed its reply.  After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

---

[1] On March 1, 2012, defendant Recon filed its Declaration of Nonmonetary Status pursuant to California Civil Code § 29241 and is therefore a nominal party not required to respond to the FAC at this time.  Mot. at 2 (quoting Cal. Civ. Code § 29241 (f)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 12-1762 CAS (MANx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | ELIZABETH ROWEN v. BANK OF AMERICA, N.A.; ET AL. | | |

## II. BACKGROUND

Since 1989 plaintiff has been the record owner of a home located at 157 S. Martel Avenue, Los Angeles, CA 90036 (the "Property"). FAC ¶ 1. Plaintiff claims she has been communicating with BANA for the past nearly three years in an effort to modify her mortgage loan. Id. ¶¶ 3, 14. During this time, plaintiff contends that she has not received an actual loan modification so she has continued to pay her mortgage amount as instructed by BANA. Id. ¶ 14.

In or around July 2010, plaintiff called BANA, spoke to "Kathleen," and made her usual mortgage payment of $3,729.38.[2] Id. ¶ 15. Plaintiff claims that "Kathleen" informed her to continue making her monthly payments in this same amount while her loan modification application was pending. Id. Approximately one week after making this payment, plaintiff called BANA again and spoke with Robert de Vaughan (who identified himself as a manager) and was told that her mortgage payment would increase to $4,016.85 effective September 1, 2010. Id. ¶ 16. Plaintiff claims that Robert de Vaughan told her that the increase was necessary for her to be granted a loan modification. Id. Plaintiff continued making the monthly payment of $3,729.48 until September 2010. Id.

In September 2010, plaintiff called BANA and spoke with supervisor "Bonnie" and paid the increased sum of $4,016.85. Id. ¶ 17. Plaintiff continued to pay this amount until December 2010. Id. In December 2010, plaintiff called BANA and spoke with "Mary," a self-identified BANA supervisor, who told plaintiff that her monthly payments had reverted to $3,729.38. Id. ¶ 18. When plaintiff asked why she had been paying $4,016.85 for the previous several months, the supervisor told her that her payment of record was $3,729.38 and that was the full amount due. Id. Plaintiff then paid the amount of $3,729.38 over the phone. Id. In January 2011, plaintiff called BANA to make her monthly payment and was told by a BANA representative that the payment due was $3,729.38. Id. ¶ 19. Plaintiff then paid the amount of $3,729.38 over the phone. Id. On or about January 20, 2011, plaintiff called BANA and spoke with "Banares" who confirmed that her payment amount of $3,729.38 was correct. Id. ¶ 20.

---

[2] Plaintiff states that it was customary for her to make her mortgage payments over the phone. FAC ¶ 15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                                     JS-6

| Case No. | CV 12-1762 CAS (MANx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | ELIZABETH ROWEN v. BANK OF AMERICA, N.A.; ET AL. | | |

Plaintiff claims she was informed by the BANA representative that no default or issues related to payments existed on her account. Id.

    Before making her February 2011 payment, plaintiff called BANA and spoke with someone with the last name of "Crow" who identified himself as a supervisor. Id. ¶ 21. "Crow" informed plaintiff that all payments in the future would be $4,016.85. Id. Plaintiff paid $4,016.85 for February 2011. Id. Plaintiff paid $4,016.85 by check for March 2011 and $4,016.85 over the phone for April 2011. Id. In May 2011, plaintiff called BANA to make her May payment by phone but was told by "Adella" that BANA would not accept her payment. Id. ¶ 23. Plaintiff alleges that when she asked if the payment could be mailed, she was told that the payment would be returned. Id. Plaintiff was also told during this phone conversation that according to BANA, the November 2010 and December 2010 payments had not been made. Id.

    During this time, plaintiff enlisted the help of a real estate professional named David Eisenberg. Id. ¶ 24. Eisenberg contacted the office of the president at BANA and spoke to Patricia Kettering. Id. Eisenberg claims that Kettering told him that BANA refused to accept plaintiff's payment because BANA had made an error in connection with her impound account. Id. ¶ 25. Kettering also allegedly told Eisenberg that plaintiff's November and December 2010 payments had not been applied to her mortgage but had been placed in a suspense account by BANA. Id. Kettering allegedly informed Eisenberg that BANA had been charging plaintiff for "forced placed insurance" without her knowledge, despite the fact that plaintiff maintained an insurance policy with an outside provider. Id. ¶ 26. According to plaintiff, these insurance charges effectively forced plaintiff to pay twice for the same insurance. Id.

    Kettering reported to Eisenberg that until BANA was able to correct the issues with plaintiff's account, BANA would not be able to accept any payments from plaintiff. Id. Kettering also told Eisenberg that she would investigate the matter, that plaintiff was not in default, and that no further action would be taken until BANA corrected the mistakes in plaintiff's account. Id. ¶ 27.

    Plaintiff subsequently received a Notice of Default that, according to plaintiff, was issued because of BANA's refusal to accept plaintiff's payments. Id. ¶ 28. Plaintiff claims she has repeatedly tried, over several months, to remedy the situation to no avail. Id. ¶ 29. In early 2012, plaintiff received a Notice of Trustee's Sale. Id. The trustee sale

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-1762 CAS (MANx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | ELIZABETH ROWEN v. BANK OF AMERICA , N.A.; ET AL. | | |

was postponed from the original date of January 26, 2012, until May 9, 2012. Id. ¶ 30.[3] Recon is identified in the Notice as the "duly appointed Trustee." Id.

The gravamen of plaintiff's FAC is that she "paid her mortgage in full every month, month upon month, until early 2011when . . . [BANA] refused to accept [p]laintiff's payments." FAC ¶ 3 (emphasis omitted). Plaintiff argues that "[i]t is this refusal to accept [p]laintiff's payments which placed [p]laintiff in the alleged 'default' that in turn has led to the Notice of Trustee's Sale and a scheduled foreclosure sale date." Id.

The instant action followed.

### III.  LEGAL STANDARD

####   A.  Federal Rule of Civil Procedure 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court

---

[3] Neither plaintiff's FAC nor BANA's motion to dismiss represent that a foreclosure sale of the property has taken place. As of the filing of the FAC, plaintiff states that defendants have represented through counsel that there is a hold on the foreclosure. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | CIVIL MINUTES - GENERAL | | JS-6 |
|---|---|---|---|
| Case No. | CV 12-1762 CAS (MANx) | Date | June 11, 2012 |
| Title | ELIZABETH ROWEN v. BANK OF AMERICA, N.A.; ET AL. | | |

considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-1762 CAS (MANx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | ELIZABETH ROWEN v. BANK OF AMERICA , N.A.; ET AL. | | |

### B. Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

When a party pleads fraud against a corporation, the already heightened pleading standard is further heightened. "The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (Cal. Ct. App. 1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-1762 CAS (MANx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | ELIZABETH ROWEN v. BANK OF AMERICA, N.A.; ET AL. | | |

## IV.  DISCUSSION

The Court will address each of plaintiff's claims in turn.

### A.  Plaintiff's First Claim for Fraud and Second Claim for Negligent Misrepresentation

Plaintiff's first and second claims relate to BANA's alleged fraudulent misrepresentations and plaintiff's reliance thereon. Both claims are based on allegations that BANA made false statements of fact and concealed material facts from her. FAC ¶¶ 32–35, 41–46.

To maintain a claim for fraud or intentional misrepresentation, a plaintiff must allege: (1) a false representation as to a material fact; (2) knowledge of its falsity; (3) intent to defraud; (4) actual and justifiable reliance; and (5) resulting damages. E.g., Do Sung Uhm v. Humana, Inc., 620 F.3d 1134, 1157 (9th Cir. 2010); Glen Holly Entm't, Inc. v. Tektronix, Inc., 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999).

To maintain a claim for negligent misrepresentation a plaintiff must allege: (1) the misrepresentation of a past or existing material fact; (2) made without reasonable ground for believing it to be true; (3) with intent to induce reliance on the misrepresented fact; (4) justifiable reliance on the misrepresentation; and (5) resulting damages. E.g., Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Servs. Group, Inc. 171 Cal. App. 4th 35, 50 (Cal. Ct. App. 2009).

Plaintiff avers that BANA defrauded her by making "repeated false statements of fact to plaintiff regarding the amount she was required to pay." FAC ¶ 32. According to plaintiff, BANA knew that the statements were false at the time they were made and that BANA admitted, through its agent Ms. Kettering, that it had no basis for having plaintiff make lower payments in November or December 2010.[4] Id. Plaintiff also contends that

---

[4]Plaintiff states in the FAC that in November 2010 she actually made the mortgage payment of the higher amount of $4,016.85 and not the lower amount of $3,729.48. FAC ¶ 17. The FAC claims that plaintiff paid the lower amount of $3,729.48 only in December 2010 and January 2011. FAC ¶¶ 18–20. BANA argues that plaintiff has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-1762 CAS (MANx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | ELIZABETH ROWEN v. BANK OF AMERICA , N.A.; ET AL. | | |

BANA made further misrepresentations to plaintiff that she "was not in default, would not be considered to be in default, and that no action would be taken unless and until [BANA] corrected its errors." Id.

Additionally, plaintiff claims that BANA concealed material facts by failing to disclose that "by making the mortgage payments as directed by [BANA] [p]laintiff would be placing herself in default under the mortgage and face foreclosure." Id. ¶ 33. Plaintiff claims that she was current on her mortgage at the time BANA told her to pay a different monthly payment amount. Id. ¶ 35. Had she known that by following BANA's instructions she would be in default, plaintiff asserts that she "never would have made the different monthly payment as directed by [BANA], but would have continued paying the same sum she had been paying." Id.

Lastly, plaintiff contends that BANA intended to induce plaintiff to make the incorrect payments, plaintiff reasonably relied on BANA's representations, and she suffered damages as a result. Id. ¶¶ 36–38.

BANA argues that the FAC fails to allege "any misrepresentation" or sufficient facts to determine the accuracy of the amounts communicated to plaintiff by BANA.[5]

---

therefore failed to show that the November and December 2010 payments were used by BANA as the basis for her default. Mot. at 11. The Court finds this argument unconvincing, however, because plaintiff specifically alleges in the FAC that when she called to make her May 2011 payment she spoke to "Adella" and was told that "[BANA] would not accept her payment" and that "according to [BANA] the November and December 2010 payments had not been made." FAC ¶ 23 (emphasis omitted).

[5]BANA also asserts that plaintiff "has neither set forth the mortgage loan contract verbatim, attached it as an exhibit to the FAC, nor pled it according to its legal effect." Mot. at 5. BANA states that because plaintiff has "failed to plead the underlying mortgage loan contract with sufficient specificity, [p]laintiff has failed to put [d]efendant on notice of the substance of her claims." Id. The Court, however, does not find this argument convincing as BANA not only has access to the loan documents, but has sufficient notice of the nature as well as the substance of plaintiff's claims. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES - GENERAL** | | | JS-6 |
| Case No. | CV 12-1762 CAS (MANx) | | Date | June 11, 2012 |
| Title | ELIZABETH ROWEN v. BANK OF AMERICA , N.A.; ET AL. | | | |

Mot. at 10. BANA also claims that plaintiff has not proven that the November or December 2010 payments were used as the basis for default and therefore that any representation by BANA was untruthful. Id. at 11. With regard to plaintiff's claim of fraudulent concealment, BANA argues that because there is no fiduciary relationship between a lender and a borrower, BANA did not owe plaintiff a duty of disclosure. Id. (quoting Perlas v. GMAC Mortgage, LLC, 187 Cal. App. 4th 429, 436 (Cal. Ct. App. 2010)). BANA claims that plaintiff's fraudulent concealment argument similarly fails on the merits because plaintiff "has failed to show that it was the mortgage payments purportedly directed to be paid by [d]efendant which are the reason for her default." Id.

In opposition, plaintiff argues that BANA is "confusing sufficiently specific factual allegations with evidence." Opp'n at 7. Plaintiff contends that "[t]he FAC alleges multiple misrepresentations on multiple occasions" and "does so in great detail." Id. at 7. Moreover, plaintiff asserts that "the absence of a fiduciary relationship" does not "act as a prophylactic bar to claims for fraud by concealment." Opp'n at 8 (citing Warner Constr. Corp. V. City of Los Angeles, 2 Cal. 3d 285, 294 (1970)).

The Court finds that plaintiff has adequately alleged the elements of fraud and negligent misrepresentation. Specifically, she alleges that:

> (1) [BANA] failed to advise [p]laintiff that by making the payments they were instructing her to make she would be placing herself into default; (2) these facts are known only to [BANA] and were not reasonably discoverable by [p]laintiff; and (3) [BANA] actively concealed discovery of the facts from [p]laintiff who did not accept what she was being told, but spoke to [BANA] supervisors who told her the same thing. . .[BANA] went even further telling [p]laintiff's representative . . . that it would investigate and correct its errors. FAC ¶¶ 24–27.

---

that requires the reviewing court to draw on its judicial experience and common sense." See Iqbal, 129 S.Ct. at 1950. In addition, plaintiff argues that she has not provided the mortgage loan contract because "this is not a complaint based on BOA's breach of the mortgage loan contract with [p]laintiff." Opp'n at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 12-1762 CAS (MANx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | ELIZABETH ROWEN v. BANK OF AMERICA, N.A.; ET AL. | | |

  Moreover, she alleges that BANA "made repeated false statements of fact to [p]laintiff regarding the amount she was required to pay," knew these statements were false, and "admitted that it had no basis for having [p]laintiff make lower payments . . . which [BANA] improperly accounted for and ultimately used as the basis for the purported default." FAC ¶ 32. According to plaintiff, BANA further misrepresented to plaintiff that "she was not in default, would not be considered to be in default, and that no action would be taken unless and until [BANA] corrected its error," and failed to disclose "that by making the mortgage payments as directed by [BANA] [p]laintiff would be placing herself in default under the mortgage and face foreclosure." Id. ¶¶ 32–33. Plaintiff alleges that these facts were concealed by BANA and known only to BANA, and plaintiff reasonably relied on these statements in making her mortgage payments which led to foreclosure proceedings. Id. ¶¶ 37–38. These allegations are more than sufficient to satisfy the elements of fraud and negligent misrepresentation claims. See Warner, 2 Cal. 3d at 294 ("In transactions which do not involve fiduciary or confidential relations, a cause of action for non-disclosure of material facts may arise in at least three instances: (1) the defendant makes representations but does not disclose facts which materially qualify the facts disclosed, or which render his disclosure likely to mislead; (2) the facts are known or accessible only to defendant, and defendant knows they are not known to or reasonably discoverable by the plaintiff; (3) the defendant actively conceals discovery from the plaintiff.").

  Finally, to the extent BANA argues plaintiff's complaint fails to meet the particularity requirements of Rule 9(b), the Court is unpersuaded. Plaintiff alleges the names of people she spoke to at BANA, their supervisory status, the approximate dates of her conversations, as well the substance thereof. FAC ¶¶ 14–30. The degree of specificity of plaintiff's allegations in the FAC rise to the level required under Rule 9(b). See Vess, 317 F.3d at 1103–04.

  Accordingly, BANA's motion to dismiss plaintiff's first and second claims is DENIED.

  **B. Plaintiff's Third Claim for Violation of California's UCL**

  To state a claim pursuant to California's UCL, a plaintiff must allege an "unlawful, unfair, or fraudulent business act or practice" or "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. California's UCL "borrow[s] violations of other laws" and treats them as unlawful business practices "independently actionable under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-1762 CAS (MANx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | ELIZABETH ROWEN v. BANK OF AMERICA , N.A.; ET AL. | | |

section 17200." Farmers Ins. Exch. v. Superior Court, 2 Cal. 4th 377, 383 (1992) (internal quotation marks omitted). "Violation of almost any federal, state, or local law may serve as the basis for a UCL claim." Plascencia v. Lending 1st Mortg., 583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008). "A complaint based on an unfair business practice may be predicated on a single act; the statute does not require a pattern of unlawful conduct." Brewer v. Indymac Bank, 609 F. Supp. 2d 1104, 1122 (E.D. Cal. 2009) (internal citations omitted). To have standing to bring a UCL claim, a plaintiff must "make a twofold showing: he or she must demonstrate injury in fact and a loss of money or property caused by unfair competition." Peterson v. Cellco P'ship, 164 Cal. App. 4th 1583, 1590 (2008).

The UCL is phrased in the "disjunctive," and, as a result, is violated where a defendant's act or practice is unlawful, unfair, or fraudulent. Prata v. Super. Ct., 91 Cal. App. 4th 1128, 1137 (Cal. Ct. App. 2001). To maintain a claim for unfair business practices, a plaintiff must state the allegations supporting a violation with "reasonable particularity." Khoury v. Maly's of CA, Inc., 14 Cal. App. 4th 612, 619 (Cal. Ct. App. 1993).

In the instant case, plaintiff has sufficiently pled the underlying claims of fraud and negligent misrepresentation necessary to support a claim for violation of California's UCL.[6] Accordingly, the Court DENIES BANA's motion to dismiss plaintiff's third claim.

**C.  Plaintiff's Fourth Claim for Injunctive Relief; Fifth Claim for Declaratory Relief; and Sixth Claim to Set Aside the Notice of Default and the Notice of Trustee's Sale**

Plaintiff's fourth claim seeks a temporary restraining order, preliminary injunction, and permanent injunction against BANA enjoining them from conducting any foreclosure sale of the Property "unless and until either given permission to do so by the Court or

---

[6]BANA argues that because foreclosure of the property at issue has not yet taken place, plaintiff has failed to show that she has suffered economic injury as required for a valid claim under California's UCL. Mot. at 12. However, plaintiff has adequately alleged that she suffered an economic injury vis-a-vis having to double pay for insurance as a result of BANA's actions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     JS-6

| Case No. | CV 12-1762 CAS (MANx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | ELIZABETH ROWEN v. BANK OF AMERICA, N.A.; ET AL. | | |

pursuant to judgment."[7] FAC ¶ 59; see also Prayer ¶ 4. Plaintiff's fifth claim seeks a declaratory judgment that the Notice of Default and Notice of Trustee's Sale (the "Notices") are "invalid and without any force or effect." Id. ¶ 64; see also Prayer ¶¶ 5–6. Plaintiff's sixth claim seeks to set aside the Notices. Id. ¶ 70, Prayer ¶ 6.

    **1.    The Tender Rule**

Claims four through seven turn on the issue of tender.

Plaintiff avers that she is not required to tender any sums because: (1) foreclosure has not yet taken place; (2) she is not in default; (3) her damage claim offsets any tender; and (4) tender is inappropriate due to equitable circumstances. FAC ¶¶ 62, 68, 72, 77. Plaintiff states, however, that she "is ready, willing and able to tender any amount legally owed by her to any party under the terms of the Note." Id. ¶ 75.

BANA argues that plaintiff lacks standing to assert the above claims because she has failed to allege tender of the secured debt. Mot. at 7. BANA claims that plaintiff "does not credibly allege that she can or will repay the full amount of the debt for which the property was secured." Id. at 8. In addition, BANA asserts that the requirement of tender is applicable whether or not foreclosure has taken place. Id. (citing Alicea v. GE Money Bank, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009)).

In opposition, plaintiff argues that Alicea's reasoning should be rejected. Opp'n at 4 (citing Chan & Pao Tang v. Bank of America, N.A. & Recontrust Co., 2012 U.S. Dist. LEXIS 38642 (C.D. Cal. March 19, 2012)).

The Court agrees with plaintiff. In Tang, the court stated that it was "troubled by the broad assertion made by the Alicea court" because "the Alicea decision cites only two cases in its discussion of the tender rule" and that both of these cases "only applied the tender rule to a post-sale situation, not a pending foreclosure." 2012 U.S. Dist. LEXIS 38641, at *14

---

[7]As of the filing date of BANA's motion to dismiss the FAC, a foreclosure sale of the Property was scheduled for May 9, 2012. As previously noted, however, plaintiff states that defendants have represented through counsel that there is a hold on the foreclosure. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** JS-6

| Case No. | CV 12-1762 CAS (MANx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | ELIZABETH ROWEN v. BANK OF AMERICA, N.A.; ET AL. | | |

(distinguishing Karlsen v. Am. Sav. & Loan Assn., 15 Cal. App. 3d 112, 121 (Cal. Ct. App. 1971) and FPCI RE-HAB 01 v. E & G Invs., Ltd., 207 Cal. App. 3d 1018, 1021 (Cal. Ct. App. 1989)). Additionally, the court in Tang noted that because the foreclosure had already taken place in Alicea, most of its reasoning was simply "dicta and not grounded in any prior case law involving pending foreclosures." Id. Accordingly, the court concluded that it was "more persuasive [to follow] the line of decisions in which courts have refused to extend the tender rule to cases where the foreclosure sale has not yet occurred." Id.

The Court agrees with the reasoning set forth in Tang. Specifically, application of the tender rule is often justified by courts in post-foreclosure situations because without tender, "a plaintiff cannot redeem the property and so unwinding a completed foreclosure sale would be 'useless.'" Id. (quoting FPCI RE-HAB 01, 207 Cal. App. 3d at 1022). In situations such as here, however—namely, where the foreclosure has not yet occurred—postponing a sale "when there are serious [alleged] defects in a bank's compliance with California's comprehensive statutory foreclosure scheme" is not a "useless act."[8] Id. Ultimately, the court in Tang declined to apply the tender rule at the pleading stage in a pre-foreclosure situation where "[p]laintiffs have alleged a facially plausible violation. . .with respect to [d]efendants' right to foreclose upon their home." Id. at 21. Mabry v. Sup. Ct., 185 Cal. App. 4th 208, 225–26 (Cal. Ct. App. 2010).

In the instant action, similar to the facts in Tang, plaintiff has "alleged a facially plausible violation" and foreclosure has not yet occurred. In addition, plaintiff has indicated a willingness and an ability to tender any amounts owed by her. Accordingly, the Court DENIES BANA's motion to dismiss plaintiff's claims for injunctive relief, declaratory relief, and to set aside the Notices. The Court will hear oral argument as to whether BANA should be enjoined from conducting a foreclosure sale of the Property.

---

[8]The court in Tang went on to state that "this is especially true in a situation such as this, where Plaintiffs claim they are 'ready, willing, and able to resume any reasonable monthly payments to the owner of the note.'" Id. In this instant case, the plaintiff similarly states in the FAC that she is "ready, willing and able to tender any amount legally owed by her to any party under terms of the Note." FAC ¶ 75.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-1762 CAS (MANx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | ELIZABETH ROWEN v. BANK OF AMERICA , N.A.; ET AL. | | |

### D. Plaintiff's Seventh Claim for Quiet Title

In plaintiff's seventh claim, she seeks to quiet title as of the issuance date of the Notice of Default.[9]  Id. ¶ 76, Prayer ¶ 7.  Plaintiff seeks a judicial declaration that "title to the Property is vested in [p]laintiff alone and that the Title [d]efendants . . . be forever enjoined from asserting any estate, right [sic] title or interest in the Property adverse to [p]laintiff' [sic] rights."  Id. ¶ 76.

A claim for quiet title requires:  (1) a description of the property; (2) the title of the plaintiff, and the basis for that title; (3) the adverse claims to the plaintiff's title; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the plaintiff's title against the adverse claims.  Cal. Civ. Proc. Code § 760.020(a)–(e).

BANA argues that plaintiff's claim for quiet title should be dismissed because she fails to provide any basis for her claim to legal title of the property.  Mot. at 15.  BANA also argues that plaintiff cannot quiet title without repaying the money that she borrowed.  Id.

"It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured."  See Shimpones v. Stickney, 219 Cal. 637, 649 (1934); see also Briosos v. Wells Fargo Bank, 737 F.Supp.2d 1018, 1032 (N.D. Cal. 2010).  A mortgagor cannot "clear his title without satisfying his debt."  Aguilar v. Bocci, 39 Cal. App. 3d 475, 477–78 (1974).  Here, plaintiff has not satisfied her outstanding debt.  Because "the situation presented by a quiet title action is different from an action seeking postponement of the foreclosure sale due to statutory violations . . . failure to offer tender at the pleading stage in a quiet title action is fatal."  Tang, 2012 U.S. Dist. LEXIS 38641, at *46.

---

[9] Plaintiff states that she believes the Notice of Default was issued on or about September 30, 2011.  FAC ¶ 76.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 12-1762 CAS (MANx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | ELIZABETH ROWEN v. BANK OF AMERICA , N.A.; ET AL. | | |

Accordingly, plaintiff has failed to sufficiently plead a claim for quiet title.[10]  The Court therefore GRANTS BANA's motion to dismiss plaintiff's seventh claim without prejudice.

**V.   CONCLUSION**

In accordance with the foregoing, the Court hereby DENIES BANA's motion to dismiss plaintiff's first, second, third, fourth, fifth, and sixth claims.  The Court will hear oral argument as to whether BANA should be preliminarily enjoined from conducting a foreclosure sale of the Property.

The Court GRANTS BANA's motion to dismiss plaintiff's seventh claim WITHOUT PREJUDICE.

The Court finds that this case is suitable for participation in Loan Modification Mediation through the Alternative Dispute Resolution ("ADR") Program of the Central District of California. As a first step, the Court orders plaintiff to contact Patricia Pinto at the Legal Aid Society of Orange County (LASOC) at (714) 489-2703 or PPinto@legal-aid.com. LASOC is a HUD-approved counseling agency; Ms. Pinto is the attorney who supervises the certified housing counselors.  Ms. Pinto will ask plaintiff to complete an intake form, which should take approximately 5–10 minutes.  She will then meet, or ask a certified housing counselor to meet, with plaintiff in person or by telephone.  Ms. Pinto or the certified housing counselor will determine whether the homeowner qualifies for a loan modification under the Home Affordable Modification Program (HAMP), Federal Housing Administration (FHA), Veterans' Affairs (VA) or any other program or federal or state initiative.  The certified housing counselor will promptly advise the Alternative Dispute Resolution ("ADR") Program for the Central District of California as to whether the homeowner appears to be eligible for a loan modification under any existing programs or initiatives.

---

[10]At oral argument, plaintiff's counsel asserted that FAC ¶ 75 adequately alleges tender as to plaintiff's quiet title claim.  As discussed above, however, plaintiff must actually tender the amount owed to sustain a claim for quiet title.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-1762 CAS (MANx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | ELIZABETH ROWEN v. BANK OF AMERICA , N.A.; ET AL. | | |

    In light of the foregoing, plaintiff shall, by no later than July 2, 2012, contact Ms. Pinto at the LASOC, complete the intake form and request a meeting, in person or by telephone, with a certified housing counselor. Plaintiff shall file a status report by July 9, 2012 regarding her compliance with this Order.

    Because this action is suitable for the ADR program, IT IS HEREBY ORDERED that this action is hereby removed from this Court's active caseload until further application by the parties or order of this Court.

    IT IS FURTHER ORDERED that counsel shall file a joint report detailing the status of the case within **30 days** and every quarter thereafter until the action has been reactivated on this Court's active caseload or a stipulation for dismissal is filed.

    This Court retains full jurisdiction over this action and this Order shall not prejudice any party to this action. All dates in this action are hereby **VACATED**.

    IT IS SO ORDERED.

|  | 00 | : | 08 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |