UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1762 CAS (MANx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | ELIZABETH ROWEN V. BANK OF AMERICA, N.A., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants | |
| David Lake | Blake Olson | |

**Proceedings:** PLAINTIFF'S MOTION FOR LEAVE TO FILE VERIFIED SECOND AMENDED COMPLAINT (Docket #16, filed December 10, 2012)

## I.  INTRODUCTION AND BACKGROUND

On January 19, 2012, plaintiff Elizabeth Rowen filed the instant action in the Los Angeles County Superior Court against Bank of America, N.A. ("BANA"); Recontrust Company, N.A. ("Recon"); and Does 1–25. On March 1, 2012, BANA and Recon removed the case to this Court. Plaintiff voluntarily filed a first amended complaint ("FAC") on March 28, 2012, which alleges: (1) fraud, (2) negligent misrepresentation, (3) unfair business practices pursuant to California Business and Professions Code §§ 17200 et seq. ("UCL"), (4) injunctive relief, (5) declaratory relief, (6) to set aside the notice of default and the notice of trustee's sale, and (7) quiet title.

On June 11, 2012, the Court issued an order granting in part and denying in part defendant BANA's motion to dismiss the FAC. Additionally, the Court found that the case was suitable for participation in the Alternative Dispute Resolution Program of the Central District of California, and stayed the case indefinitely, pending application by the parties. On December 10, 2012, the parties submitted a stipulation requesting that the case be reactivated, and the Court lifted the stay on December 11, 2012.

On December 10, 2012, plaintiff filed a motion to amend her complaint to allege a claim for intentional infliction of emotional distress ("IIED") against BANA. On December 17, 2012, BANA filed an opposition, and plaintiff replied on December 24, 2012. Plaintiff's motion is before the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1762 CAS (MANx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | ELIZABETH ROWEN V. BANK OF AMERICA, N.A., ET AL. | | |

## II.   LEGAL STANDARD

As a preliminary matter, the Court must decide whether Federal Rule of Civil Procedure 15(a) or 16(b) applies.  Generally, a court grants a motion for leave to amend pleadings pursuant to the permissive standard of Rule 15(a).  Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997).  However, once the district court enters a scheduling order establishing a deadline for amending pleadings, Rule 16(b) applies. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000).  This is because once the scheduling order is in place, the court must modify the scheduling order to permit an amendment.  W. Schwarzer, A. Tashima & M. Wagstaffe, Federal Civil Procedure Before Trial (2006) § 8:405.1 (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d at 609). Since no scheduling order has been entered in this case, Rule 15(a) provides the applicable standard.

Rule 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a).

Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir.2003)).  "Some courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991).  However, "[u]ndue delay is a valid reason for denying leave to amend." Id. (internal quotation marks and citation omitted); but see Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend.").  Further, "the liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party.  Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." Jordan, 669 F.3d at 1324.  "Late amendments to assert new theories are not reviewed favorably when the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1762 CAS (MANx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | ELIZABETH ROWEN V. BANK OF AMERICA, N.A., ET AL. | | |

facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Kaplan, 49 F.3d at 1370 (internal quotation marks and citation omitted). Delay can contribute to a finding of prejudice, for "expense, delay, and wear and tear on individuals and companies count toward prejudice." Id. (internal quotation marks and citation omitted).

## III. DISCUSSION

BANA offers two reasons why leave to amend should be denied. First, BANA argues that plaintiff unreasonably delayed bringing this claim because she has not pointed to any facts she learned since her original complaint supporting the claim. Consequently, defendant argues that because plaintiff knew all facts supporting this claim at the outset of the case, she should have brought the claim in her first complaint and should not be allowed to bring it now.

Second, BANA argues that the claim is futile. BANA argues that plaintiff has not identified any conduct that is sufficiently extreme and outrageous to subject BANA to liability for IIED. BANA also argues that because it was asserting its economic interest in good faith while engaging in the alleged conduct underlying the claim for IIED, California law prevents it from being held liable for this tort. See Ross v. Creel Printing & Publishing Co., Inc., 100 Cal. App. 4th 736, 745 (Cal. App. 1st 2002) ("The assertion of an economic interest in good faith is privileged, even if it causes emotional distress."). Finally, BANA argues that plaintiff has not set forth facts describing the particulars of the mental suffering that plaintiff allegedly experienced, but instead generally alleges the conclusion that plaintiff suffered emotional distress.

In response, plaintiff argues that any delay in bringing this claim is inconsequential because no defendant faces undue prejudice from the proposed amendment. Plaintiff points out that no discovery has been taken nor have initial disclosures been made, and a scheduling order has not even been entered. Because the case is still in its earliest stages, plaintiff argues that leave to amend is appropriate.

The Court agrees. Although plaintiff may have known of the facts underlying her claim for IIED at the outset of the litigation, that fact alone does not warrant denying leave to amend. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend"). Instead, because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1762 CAS (MANx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | ELIZABETH ROWEN V. BANK OF AMERICA, N.A., ET AL. | | |

undue prejudice to the defendant is the most critical factor in determining whether to grant leave to amend, the Court finds that plaintiff's motion should be granted because defendant cannot reasonably point to any undue prejudice it faces from the amendment. Additionally, as to defendants' argument that plaintiff's claim is futile because it fails to state a valid claim for relief, the Court finds this argument more properly addressed on a motion to dismiss. See, e.g., SAEs Getters S.p.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) ("While courts will determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion . . . such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend.").

### III. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS plaintiff's motion to amend her complaint.

IT IS SO ORDERED.

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |