UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-1762 CAS (MANx) | Date | March 18, 2013 |
|---|---|---|---|
| Title | ELIZABETH ROWEN v. BANK OF AMERICA, N.A., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| David Lake | Grace Kang |

**Proceedings:**     DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIM
FOR INTENTIONAL INFLICTION OF EMOTIONAL
DISTRESS (Docket #27, filed February 6, 2013)

## I.    INTRODUCTION

On January 19, 2012, plaintiff Elizabeth Rowen filed the instant action in the Los Angeles County Superior Court against Bank of America, N.A. ("BANA"); Recontrust Company, N.A. ("Recon"); and Does 1–25.  On March 1, 2012, BANA and Recon removed the case to this Court.

Plaintiff filed a first amended complaint ("FAC") on March 28, 2012, against the above named parties.  Dkt. No. 7.  The FAC alleges: (1) fraud, (2) negligent misrepresentation, (3) unfair business practices, (4) injunctive relief, (5) declaratory relief,(6) to set aside the notice of default and the notice of trustee's sale, and (7) quiet title.  Additionally, on January 14, 2013, plaintiff filed a second amended complaint ("SAC"), which adds an eighth cause of action against all defendants for intentional infliction of emotional distress ("IIED").  SAC at 1.

On February 6, 2013, BANA filed a motion to dismiss plaintiff's claim for IIED.  Dkt. No. 27.  Plaintiff filed her opposition on February 25, 2013, and defendants responded on March 4, 2013.  Dkt. Nos. 30, 32.  After considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    0

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1762 CAS (MANx) | Date | March 18, 2013 |
|---|---|---|---|
| Title | ELIZABETH ROWEN v. BANK OF AMERICA, N.A., ET AL. | | |

## II.   BACKGROUND

Plaintiff alleges the following facts relevant to her claim for IIED.  Since 1989 plaintiff has been the record owner of a home located at 157 S. Martel Avenue, Los Angeles, CA 90036 (the "Property").  SAC ¶ 1.  Plaintiff alleges that between 2010 and 2011, BANA representatives provided her with inconsistent information about the amount of her monthly mortgage payment.  Until July 2010, plaintiff made mortgage payments in the amount of $3,729.38.  Id. ¶ 15.  Shortly thereafter, however, a BANA representative informed plaintiff that effective September 2010, her monthly payment would increase to $4016.85.  Id. ¶ 16.  She paid this amount until December 2010, when another BANA representative told her that her monthly payment had dropped to the original amount of $3729.38.  Id. ¶ 18.  Plaintiff paid this reduced rate until February 2011, when yet again a BANA representative told her that her mortgage payment was $4016.85.  Id. ¶ 21.  She paid this rate until May 2011, at which time BANA refused to accept further payments from plaintiff, and said that they had not received mortgage payments for November and December 2010.  SAC ¶ 23.

Because plaintiff had in fact made the November and December 2010 payments, she hired David Eisenberg, a real estate professional, to contact BANA and investigate the situation.  After speaking with several BANA representatives, Eisenberg learned that BANA had mistakenly placed plaintiff's November and December 2010 payments in a "suspense account" and had not applied them to her mortgage.  Id. ¶ 25.  BANA representatives also informed Eisenberg that they had been mistakenly charging plaintiff for "forced placed insurance" even though plaintiff already paid for this insurance through other means.  Id. ¶ 26.  BANA then assured Eisenberg that while it could not accept payments from plaintiff until it corrected the mistakes it had made with plaintiff's account, it was nonetheless true that plaintiff was not in default, that she "would not be considered in default," and that "no action would be taken unless and until [BANA] corrected its errors."  Id. ¶ 27.

Despite these assurances, BANA has declared that plaintiff is in default, and plaintiff has received a Notice of Trustee's Sale.  Id. ¶ 28.  Plaintiff has made repeated efforts to understand why she has been declared in default despite the fact that BANA assured plaintiff that it would not declare her in default.  Id. ¶ 29.  BANA has not, however, provided plaintiff with any explanation.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

*O*

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1762 CAS (MANx) | Date | March 18, 2013 |
|----------|------------------------|------|----------------|
| Title | ELIZABETH ROWEN v. BANK OF AMERICA, N.A., ET AL. | | |

## III.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1762 CAS (MANx) | Date | March 18, 2013 |
|----------|------------------------|------|----------------|
| Title | ELIZABETH ROWEN v. BANK OF AMERICA, N.A., ET AL. | | |

complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. ANALYSIS

To state a claim for IIED, a plaintiff must allege: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Hughes v. Pair, 46 Cal.4th 1035, 1050 (2009) (citing Potter v. Firestone Tire & Rubber Co., 6 Cal.4th 965, 1013 (1993)). BANA argues that plaintiff's claim should be dismissed because she has not alleged outrageous conduct, and has not alleged that she has suffered severe emotional distress. The Court considers these arguments in turn.

### A. "Extreme and Outrageous Conduct" Requirement

A defendant's conduct is considered "outrageous" when it is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." Hughes, 46 Cal. 4th at 1050–51. BANA argues that plaintiff's claim should be dismissed because foreclosing on property is not sufficiently "outrageous" to support a claim for IIED. In Mehta v. Wells Fargo Bank, N.A., 737 F. Supp. 2d 1185 (S.D. Cal. 2010), for example, the court found that it was not outrageous for a bank to lawfully foreclose on a plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

$O$

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1762 CAS (MANx) | Date | March 18, 2013 |
|---|---|---|---|
| Title | ELIZABETH ROWEN v. BANK OF AMERICA, N.A., ET AL. | | |

property, even though one of the bank's employees allegedly told plaintiff that the foreclosure sale would not occur. Similarly, in Davenport v. Litton Loan Servicing, LP, 725 F. Supp. 2d 862, 884 (N.D. Cal. 2010), the court found that while "home foreclosure is a terrible event and likely to be fraught with unique emotions and angst," a foreclosing party does not act outrageously if it asserts its right to foreclosure in good faith. See also Ross v. Creel Printing & Publ'g Co., Inc., 100 Cal. App. 4th 736, 745 n.4 (2002) ("The assertion of an economic interest in good faith is privileged, even if it causes emotional distress.").

In response, plaintiff does not contest whether a bank can assert its right to foreclosure in good faith, but instead argues that Mehta and Davenport are distinguishable. Specifically, plaintiff points out that here, unlike in Davenport, she is alleging that the bank knowingly made false statements about whether it would foreclose, and otherwise acted in bad faith. Furthermore, plaintiff points out that her allegations are dissimilar to those in Mehta because she has alleged that BANA had no legal right to foreclose due to, among other things, its fraudulent acts and its admitted accounting errors. Finally, plaintiff points the Court to Ragland v. U.S. Bank National Assn., 209 Cal. App. 4th 182, 205 (2012), and argues that California courts have found that a bank's conduct related to foreclosure can become outrageous if the foreclosure is not legally justified and the bank acts dishonestly or exhibits bad faith.

The Court agrees with plaintiff. On a motion to dismiss, the Court must accept as true all of plaintiff's well pleaded factual allegations. Moss, 572 F.3d at 970. Here, plaintiff has alleged that BANA admitted to making a mistake with her account that led to the appearance of a default, but then assured her that she was not actually in default and would not be treated as if she were. Plaintiff also alleges that this assurance was made with knowledge that it was false, and that her account is only in arrears due to the defendant's misconduct. Accordingly, plaintiff has alleged facts showing bad faith and calling into question whether BANA has a legal right to foreclose, and these facts starkly distinguish this case from the authorities upon which defendant relies. Mehta, 737 F. Supp. 2d at 1205; Davenport, 725 F. Supp. 2d at 884.

Because plaintiff has alleged dishonesty, bad faith, and the lack of a legal right to foreclose, Ragland supports a finding that she has adequately alleged outrageous conduct. What Ragland demonstrates is that when a lender exhibits either bad faith or gross

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1762 CAS (MANx) | Date | March 18, 2013 |
|----------|------------------------|------|----------------|
| Title | ELIZABETH ROWEN v. BANK OF AMERICA, N.A., ET AL. | | |

negligence in its interactions with a plaintiff, and the plaintiff alleges facts showing that defendant had no right to foreclose, the "outrageous" standard can be met. Moreover, where a plaintiff has alleged that she has been denied important economic interests through dishonest acts by the defendant, California courts have approved claims for IIED. Little v. Stuyvesant Life Ins. Co., 67 Cal. App. 3d 451, 461 – 462 (1977) (approving jury verdict finding outrageous conduct where the evidence showed that "defendant purposely ignored the great bulk of the medical information it had and withheld that information from the physicians it selected to examine plaintiff and that it sought only to justify its predetermined course of discontinuing disability benefit payments justly due plaintiff under the policy."). Accordingly, this Court finds that plaintiff has pled that BANA's conduct was outrageous.

### B.    "Severe Emotional Distress" Requirement

"Severe emotional distress means. . .  emotional distress of such substantial quantity or enduring quality that no reasonable [person] in civilized society should be expected to endure it." Fletcher v. Western National Life Ins. Co., 10 Cal. App. 3d at 397. Emotional distress "may consist of any highly unpleasant mental reaction such as fright, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment or worry." Id.

Defendant argues that plaintiff's allegations of emotional distress are conclusory, and do not show that she has suffered sufficiently severe harm. However, plaintiff alleges that she "suffered and continues to suffer severe emotional distress. . .including anxiety, panic attacks, loss of sleep, headaches, depression, nightmares, humiliation and mental anguish." SAC ¶ 90. Plaintiff has therefore described sufficiently severe emotional suffering to state a claim for IIED.[1]

---

[1] In its reply brief, BANA cursorily argues that plaintiff fails to allege that BANA intentionally, rather than accidentally, caused emotional distress. The Court rejects this argument because it suffices for plaintiff to allege that BANA acted "with reckless disregard of the probability of causing[] emotional distress." Hughes, 46 Cal.4th at 1050 (emphasis added). Here, even if plaintiff has not alleged that BANA representatives intended to cause her harm, she has alleged that BANA representatives acted with reckless disregard for whether their actions would cause emotional distress.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1762 CAS (MANx) | Date | March 18, 2013 |
|----------|------------------------|------|----------------|
| Title | ELIZABETH ROWEN v. BANK OF AMERICA, N.A., ET AL. | | |

## V.   CONCLUSION

In accordance with the foregoing, this court DENIES defendant's motion to dismiss plaintiff's intentional infliction of emotional distress claim.[2]

IT IS SO ORDERED.

|   | 00 | : | 05 |
|---|----|----|----|
| Initials of Preparer | | CMJ | |

_____

[2] At oral argument, counsel for defendant asked that the Court strike plaintiff's claim for quiet title, and argued that striking the claim is proper because the claim was dismissed in the Court's June 11, 2012 order.  Dkt. # 12.  However, the Court's June 11, 2012 order dismissed the quiet title claim without prejudice, and plaintiff has pled it again in her SAC.  Consequently, if defendant seeks to dismiss the claim, it should do so pursuant to a motion.